# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02187-RGK-JPR | Date | March 21, 2020 |
|---|---|---|---|
| Title | *Robyn Wood v. Charter Communications LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

## I. INTRODUCTION

On September 6, 2019, Robyn Wood ("Plaintiff") filed a Complaint in Superior Court against her employer, Charter Communications-Spectrum, Inc. ("Defendant"), alleging claims arising from Defendant's failure to accommodate her pregnancy.

On December 12, 2019, Plaintiff served Defendant with the Summons and Complaint, and on December 20, Defendant filed its Answer. On March 6, 2020, Defendant filed a Notice of Removal to this Court on the basis of diversity of citizenship, asserting that while Plaintiff is a citizen of California, Defendant is a Delaware corporation with a headquarters and principal place of business in St. Louis, Missouri.

Although Defendant's notice of removal is outside the 30 day period from service of the Complaint prescribed by 28 U.S. Code § 1446(b)(2)(B), Defendant contends that it is nevertheless timely because Defendant did not learn the case was removable until it received interrogatory responses specifying Plaintiff's requested compensatory damages on February 12, 2020. (*See* Notice of Removal ("Notice") ¶ 7, ECF No. 1); 28 U.S. Code § 1446(b)(3), (c)(3)(a).

For the reasons stated below, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02187-RGK-JPR | Date | March 21, 2020 |
|---|---|---|---|
| Title | *Robyn Wood v. Charter Communications LLC et al* | | |

## II. JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)

## III. DISCUSSION

Plaintiff's response to Defendant's Special Interrogatory states that Plaintiff is seeking $36,803.50 in compensatory damages, exclusive of emotional distress damages, punitive damages, and attorneys' fees. Specifically, Plaintiff seeks $21,000 in lost income, $5,069.75 in medical bills, and $10,733.75 in consequential damages related to her inability to make car payments. Additionally, Plaintiff contends that the $10,733.75 is based on a debt she has incurred which accrues interest at 12.9% per year. (Pl.'s Resp. To Def.'s Special Interrog. No. 5-7, Ex. 6 to Def.'s Notice of Removal.) Assuming one year of interest, therefore, Defendants contend the final amount of compensatory damages sought is $38,188.15.

Defendants argue that based on Plaintiff's requested awards for emotional distress damages, punitive damages and attorneys' fees—in addition to her requested compensatory damages—the amount in controversy meets the jurisdictional threshold. The Court finds this reasoning faulty for two reasons. The first of these is that these additional categories of damages are speculative, and Defendant has not met its burden to demonstrate that they apply.

Defendant contends "that attorneys' fees are provided by statute, specifically California Government Code § 12965(b), thus requiring that Plaintiff's claims for such fees be considered in determining whether the amount in controversy requirement has been met." (Notice ¶ 13.) The use of such mandatory language, however, is misplaced.

Defendant cites to *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1988) as supporting its position. The Court in *Galt* stated that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees <u>may</u> be included in the amount in

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02187-RGK-JPR | Date | March 21, 2020 |
|---|---|---|---|
| Title | *Robyn Wood v. Charter Communications LLC et al* | | |

controversy." *Id.* (Emphasis added). The statute to which Defendant cites as awarding attorneys' fees in this case is couched in similarly discretionary terms: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party. . . reasonable attorney's fees and costs[.]" Cal. Gov. Code § 12965(a) (emphasis added).

Defendants also cite to *Fritsch v. Swift Transportation Co. of Arizona, LLC* for the proposition that an award of attorneys' fees is mandatory in cases such as this one. *See* 899 F.3d 785, 794 (9th Cir. 2018) ("[I]f a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy.") *Fritsch*, however, involved a statute under which an award of attorneys' fees is mandatory. *See* Cal. Lab. Code § 218(a) ("the court shall award reasonable attorney's fees and costs to the prevailing party.") (emphasis added.) As stated above, that is not the case here, where there is neither a contractual provision nor a mandatory statutory imperative regarding an award of attorneys' fees.

Defendants have likewise failed to meet their burden to demonstrate that emotional distress and punitive damages are anything other than speculative in this case. Although Defendants cite to a litany of cases in which awards of each were made, Defendant does not offer supporting facts from this case to show why such an award would be likely here.

Secondly, the Court notes that if it were to take at face value Defendant's assertions regarding the amounts at issue for attorneys' fees, punitive damages, and emotional distress damages, Defendant's removal would be untimely. Defendant was served with the Complaint on December 12, but did not seek to remove until March 6. Defendant contends that its removal is timely because it only learned the case was removable when it received interrogatory responses describing Plaintiff's requested compensatory damages of $36,803.50 on February 12, 2020. *See* 28 U.S. Code § 1446(b)(3), (c)(3)(a).

However, Defendant also claims that in similar cases, Courts have awarded punitive damages alone in amounts exceeding a million dollars, to say nothing of the requested attorney's fees and emotional distress damages. (Notice ¶ 12.) If the Court accepts Defendants' assertions regarding these categories of damages as true, then Defendant did not learn anything from Plaintiff's interrogatory responses that made the case removable, as Defendant could have removed immediately based on the categories of damages requested on the face of Plaintiff's Complaint. *See Dart Cherokee*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."). In such a case, Defendant's removal would therefore be untimely.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02187-RGK-JPR | Date | March 21, 2020 |
|---|---|---|---|
| Title | *Robyn Wood v. Charter Communications LLC et al* | | |

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer  _____